# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAULA HIAN and PAULA HIAN CREATIONS, LTD,<br><br>Plaintiffs,<br><br>v.<br><br>LVMH MOET HENNESSY LOUIS VUITTON INC. d/b/a Louis Vuitton Americas, LOUIS VUITTON USA INC., LOUIS VUITTON MALLETIER, OFF WHITE OPERATING SRL, JOHN AND JANE DOES I-X, and ABC CORPORATIONS I-X,<br><br>Defendants. | Case No. 2:22-cv-03742-JFM<br><br>Hon. John F. Murphy |

## ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND FOR PROTECTIVE ORDER

**AND NOW**, this 16th day of December 2024, this matter coming before the Court on Defendants' Motion to Compel and for Protective Order (the "Motion"), the Court being fully advised in the premises and having reviewed the parties' submissions, and following our oral argument videoconference held today, IT IS HEREBY **ORDERED** that the Motion (DI 69) is **GRANTED in part** and **DENIED in part** for the reasons stated on the record, as follows:

1. No later than January 10, 2025, plaintiffs shall produce all documents, including any accompanying privilege log as necessary, without withholding documents based on boilerplate objections, responsive to RFP Nos. 1-2, 6-8, 10, 12-14, and 16 to PHC and RFP Nos. 1-2, 6-8, 10, 12-15, and 17 to Hian;[1]

2. No later than January 10, 2025, plaintiffs shall produce all documents, including any

---

[1] For this and for ¶ 2, below, Plaintiff shall amend written responses to RFPs to withdraw boilerplate objections and be crystal clear with specific objections as to any documents that are being withheld or not searched for.

1

accompanying privilege log as necessary, without withholding documents based on boilerplate objections, responsive to RFP Nos. 4, 5, 9, 15, and 18-19 to PHC and RFP Nos. 4, 5, 9, 16, and 19-20 to Hian;

3. Plaintiffs shall supplement their answers to Rog No. 11 to PHC and Rog No. 13 to Hian to provide a general description of the categories and theories of damages sought. The complete computations and methodological explanations and are reserved for expert discovery;

4. Plaintiff Paula Hian shall answer Interrogatory Nos. 2 and 4;

5. Defendants shall promptly send chambers a copy of the agreed protective order by e-mail; and

6. Absent some other agreement, which is always welcome and encouraged (and the Court need not be kept informed), the parties are obliged to produce native electronic files with intact metadata, but are not obliged to produced imaged, bates-stamped versions of the same. There are very good and practical reasons for doing so, but we will not compel it at this time.

_____
MURPHY, J.